No. 623     November 29, 2023     323

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of D. S.,
a Person Alleged to have Mental Illness.
STATE OF OREGON,
*Respondent,*

*v.*

D. S.,
*Appellant.*

Multnomah County Circuit Court
22CC03178; A179244

Julia A. Philbrook, Judge pro tempore.

Submitted September 29, 2023.

Liza Langford filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Alex Jones, Assistant Attorney General, filed the brief for respondent.

Before Egan, Presiding Judge, and Kamins, Judge, and Kistler, Senior Judge.

EGAN, P. J.

Affirmed.

**EGAN, P. J.**

Appellant appeals a judgment of the trial court committing her to the custody of the Mental Health Division of the Oregon Health Authority for a period up to 180 days, as a "person with mental illness," ORS 426.130(1)(a)(C). As relevant here, a "person with mental illness" includes "a person who, because of a mental disorder," is "[d]angerous to self or others" or is "[u]nable to provide for basic personal needs that are necessary to avoid serious physical harm in the near future, and is not receiving such care as is necessary to avoid such harm." ORS 426.005(1)(f). The state bears the burden of proving by "clear and convincing evidence" that a person is a person with a mental illness ORS 426.130(1)(a). Here, after a hearing, the trial court determined that appellant suffers from a mental disorder that makes her dangerous to herself and unable to meet her basic needs. On appeal, appellant contends that the evidence is not clear and convincing that she is a person with a mental illness and that the trial court therefore erred.

We are bound by the trial court's findings of historical fact that are supported by any evidence in the record. *State v. R. E.*, 248 Or App 481, 483, 273 P3d 341 (2012)). In reviewing the trial court's ruling, we view the evidence, as supplemented and buttressed by permissible derivative inferences, in the light most favorable to the trial court's disposition and assess whether, when so viewed, the record was legally sufficient to permit a rational factfinder to find that it was highly probable that appellant presented a danger to herself and was unable to meet her basis needs. *See State v. M. J. F.*, 306 Or App 544, 545, 473 P3d 1141 (2020) (danger to self); *State v. M. C.*, 227 Or App 530, 206 P3d 1096 (2009) (basic needs).

A detailed discussion of the record that led the trial court to reach its conclusion would not be of assistance to the bench, the bar, or the parties. Suffice it to say that, among the trial court's extensive findings, the trial court found that appellant was the "most severely compromised person" that the court had seen in a long, long time. We have reviewed the record and conclude that it was legally sufficient to permit the trial court to find that it was highly

probable that appellant presented a danger to herself and was unable to meet her basic needs. We therefore affirm the order of commitment.

Affirmed.